**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000396
08-JUN-2018
08:34 AM**

NO. CAAP-15-0000396

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PATRICIA E.G. ADAMS, IN HER CAPACITY AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF BRENT ADAMS, AND IN HER PERSONAL CAPACITY,
Plaintiffs-Appellants, v. HAWAII MEDICAL SERVICE ASSOCIATION,
Defendant-Appellee, and JOHN DOES 1-99; JANE DOES 1-99; DOE
ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1388)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

In this third appeal from a dispute arising out of
insurance coverage for treatments for multiple myeloma,
Plaintiff-Appellant Patricia E.G. Adams, in her capacity as
Personal Representative of the Estate of Brent Adams and in her
personal capacity (Adams), appeals from the January 14, 2015
"Order Granting Defendant[-Appellee] Hawaii Medical Service
Association's [(HMSA)] Motion for Summary Judgment Filed
November 17, 2014;"[1] the January 16, 2015 Final Judgment; and the
April 10, 2015 Order Denying Plaintiff's Motion for Clarification
and Reconsideration (Order Denying Reconsideration) entered by
the Circuit Court of the First Circuit (Circuit Court).[2]

In the second appeal, Adams v. Hawaii Med. Serv. Ass'n,
130 Hawai'i 351, 310 P.3d 1052, No. 30314 2013 WL 5443025 at *1
(App. Sept. 30, 2013) (SDO) (Adams II), this court remanded the

---

[1]     Although file-marked on January 13, 2015, the order appears to
have been signed on January 14, 2015.

[2]     The Honorable Virginia L. Crandall presided.

case for further proceedings after we determined that a grant of summary judgment in favor of HMSA on Adams's claim of bad faith mishandling of a 2006 request for pre-authorization for an allogeneic stem-cell transplant (allo-transplant) was in error. We noted that due to the suspension of discovery, very little discovery could have been conducted in the case at that point. In Adams II, we also vacated summary judgment on Adams's claims for negligent infliction of emotional distress (NIED) and intentional infliction of emotional distress (IIED).

On remand, after discovery had been conducted, HMSA moved for summary judgment, arguing that its response to the now-documented, March 2, 2006 written request for pre-authorization for an allo-transplant was timely and objectively reasonable; that it did not "keep silent" about the fact that the insurance policy did not cover allo-transplants for multiple myeloma; Adams's failure to appeal HMSA's decision to deny coverage was not due to any delay on HMSA's part, but based on the treating doctor's opinion that there was no medical basis to appeal; and Adams's claims for IIED, NIED, and punitive damages were deficient as a matter of law. Adams responded that there were genuine issues of material fact regarding whether HMSA mishandled the request for pre-authorization. The Circuit Court granted HMSA's motion for summary judgment from which Adams now appeals.

Adams raises four points of error:

A.   The trial court erred when it failed to conclude that, as a matter of law, HMSA violated [Hawaii Revised Statutes (HRS)] § 432:1-101.5 by neglecting on several successive occasions to respond to [Adams's] documented requests for information with current, understandable, and timely responses regarding coverages and benefits, coverage principles, and any exclusions or restrictions on coverage, and even if such violations did not constitute bad faith per se, there were genuine issues of material fact whether such violations were violations "under all the circumstances."

B.   The trial court erred when it failed to find that it was a genuine issue of material fact whether City of Hope [(COH)] was HMSA's agent for preauthorization requests, upon which finding HMSA could be held liable for [COH's] errors and omissions in handling the preauthorization requests and the donor match results where

     --HMSA steered [Adams] away from their preferred provider to [COH] with which HMSA had previously contracted to provide tandem auto-allo transplants

designating [COH] one of a small number of exclusively contracted transplant centers offered to HMSA members as "Blue Distinction Transplant Centers." and

--HMSA had in its contract with Brent Adams restricted the authority for submitting preauthorization requests to his providers, [COH] and Dr. Stein[.]

C.    The trial court erred in assigning dispositive significance to the issue of whether a matched donor was identified prior to [COH's] submission of the request for preauthorization because there was no requirement that a match be identified prior to submitting a request for preauthorization for an allo[-]transplant.

D.    The trial court abused its discretion when it excluded as hearsay evidence that a matched donor was identified . . . because it should have held [Adams] to the lower evidentiary standard applicable to non-movants when it was clear that [Adams] could produce [a trial witness], and could have ordered a brief continuance to allow [Adams] time to secure affidavits[.]

After careful consideration of the issues raised and the arguments made by the parties, the applicable authority and the record, we resolve Adams's points on appeal as follows and affirm.

1.    Although Adams argues on appeal that the Circuit Court erred when it failed to conclude that, as a matter of law, HMSA violated HRS § 432:1-101.5 (2005), this argument is waived as to the order and entry of summary judgment because it was not properly raised in litigating that motion. See Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 500, 164 P.3d 696, 758 (2007). Adams did not allege this violation as a basis for her bad faith claim in her Second Amended Complaint. Adams did not rely on this statute in her written opposition to HMSA's motion for summary judgment, nor did she cite to the provision at the hearing on the motion, but merely argued that under a different statute, HRS § 431:10-237, HMSA was obligated to provide Adams with a complete copy of the contract but had not done so. Moreover, Adams's citation to the record for this point in her opening brief does not support preservation by Adams of this claimed error as it does not demonstrate she brought it to the attention of the Circuit Court. See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4).

3

With regard to the Order Denying Reconsideration, Adams also failed to preserve her alleged error as she failed to challenge this decision in this point on appeal. In any event, Adams did not argue until her "[Plaintiff's] Reply to [HMSA's] Memorandum in Opposition to [Plaintiff's] Motion for Clarification and Reconsideration [(Motion for Reconsideration)], Filed March 13, 2015[,]" citing to HRS § 432:1-101.5[3] and <u>Siopes v. Kaiser Found. Health Plan, Inc.</u>, 130 Hawai'i 437, 312 P.3d 869 (2013), that HMSA could not rely on the terms of the plan because it did not allege that it gave a copy of the plan to Adams. Adams presented no reason why she could not have raised this argument prior to the Motion for Reconsideration. <u>Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd.</u>, 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002) ("As this court has often stated, 'the purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion.' Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.") (quoting <u>Sousaris v. Miller</u>, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000)). The Circuit Court did not err in denying Adams's Motion for Reconsideration on this basis.

Although the Circuit Court found that the March 2, 2006 request was timely acted upon, Adams asks this court to consider the telephone calls, beginning in December 2005, as part of "all the circumstances" leading up to the denial of the March 2, 2006 written request, apparently assuming the telephone calls were the

---

[3] HRS § 432:1-101.5, Disclosure of health care coverage and benefits provides:

> In order to ensure that all individuals understand their health care options and are able to make informed decisions, all mutual benefit societies shall provide current and prospective members with written disclosure of coverages and benefits, including information on coverage principles and any exclusions or restrictions on coverage.
>
> The information provided shall be current, understandable, and available prior to membership, and upon request after membership. A policy provided to a member which describes coverages and benefits shall be in conformance with part I of article 10 of chapter 431.

equivalent of formal preauthorization requests. While "an action for the tort of 'bad faith' will lie, for example, when an insurance company unreasonably handles or denies payment of a claim," Francis v. Lee Enters., Inc., 89 Hawai'i 234, 238, 971 P.2d 707, 711 (1999), the duties of good faith and fair dealing implied in every insurance contract, arise after the insured complies with the claims procedure described in the insurance policy. Safeco Ins. Co. of Am. v. Parks, 88 Cal. Rptr. 3d 730, 740 (Cal. Ct. App. 2009).

Chapter 5 of Adams's policy directed that preauthorization requests be made in writing or by fax. HMSA reminded COH by fax correspondence that it was awaiting a modified request for the allo-transplant on February 6, 2006 and February 27, 2006. "There can be no 'unreasonable delay' until the insurer receives adequate information to process the claim[.]" Globe Indem. Co. v. Superior Court, 8 Cal. Rptr. 2d 251, 255 (Cal. Ct. App. 1992). Until HMSA received the pre-authorization request in writing, as required by the policy, there was no claim for it to process, nor would it know what the specific request would be. Once HMSA received the written request on March 2, 2006, it is undisputed that on March 6, 2006, HMSA called COH to inform it that the request was denied, and HMSA sent a formal denial letter which was received by Adams on March 8, 2006.

Although Adams argues that HMSA should have communicated "complete and current information about the coverage and benefits, coverage principles, exclusions and restrictions . . . in writing," she primarily identifies the information that HMSA would deny coverage for an allo-transplant in tandem with an auto-transplant. However, the dispute regarding this very coverage issue was not resolved until 2009, in Adams I. Hawaii Med. Serv. Ass'n v. Adams, 120 Hawai'i 446, 209 P.3d 1260 (App. 2009). Thus, it was an open question at the time HMSA was addressing Adams's request for the allo-transplant in 2006, whether it was covered by Adams's policy. See, Enoka v. AIG, 109 Hawai'i 537, 552-53, 128 P.3d 850, 865-66 (2006).

Thus, the Circuit Court did not err when it held there were no genuine issues of material fact and granted summary judgment in favor of HMSA based on its timely denial of Adams's written request.

2.    To the extent that Adams contends that COH mishandled the initial submission of the pre-authorization request and that HMSA should be held liable as its principal, she provides no legal authority for such a result.  Other jurisdictions have concluded that even though an insurer required preauthorization in order to pay for treatment by a provider, that did not make the insurer vicariously liable for acts or omissions of the provider. See Basil v. Wolf, 935 A.2d 1154, 1171-72 (N.J. 2007).

3.    Adams argues the Circuit Court erred to the extent it based its grant of summary judgment on its view that COH was required to identify a matched donor prior to submitting the pre-authorization request.  However it does not appear that the Circuit Court gave this issue dispositive significance when it granted summary judgment.  In fact, the Circuit Court stated, "the March 2nd request for the auto-allo was submitted even at that time when they did not have confirmation of a matching donor.  But when it was submitted, it was timely acted upon and no appeal from that denial was filed."  Rather than affording dispositive weight to whether the request was dependent on securing a donor, the Circuit Court appears to have based its decision on how quickly HMSA acted once the pre-authorization request was formally submitted.

4.    Adams argues that if the identification of a matched donor must be considered under all the circumstances in determining whether HMSA's delay was reasonable, then the trial court's exclusion of Adams's declaration as hearsay was reversible error.  As discussed *supra*, the identification of a matched donor was not determinative of whether HMSA's delay was reasonable, because the Circuit Court focused on whether the interval between the receipt of the written request and the communication of its denial was reasonable.

Regardless, the Circuit Court properly excluded the testimony as hearsay. "Affidavits in support of a summary judgment motion are scrutinized to determine whether the facts they aver are admissible at trial and are made on the personal knowledge of the affiant." Miller v. Manuel, 9 Haw. App. 56, 66, 828 P.2d 286, 292 (1991). Adams only argues that any doubt concerning the propriety of granting the motion should be resolved in favor of the non-moving party. However, Adams does not argue that the proposed testimony was not hearsay, and the record does not reflect that the Circuit Court erred in ruling that the proposed testimony was inadmissible hearsay.

To the extent Adams argues that the Circuit Court abused its discretion in not granting a continuance to allow her to obtain admissible evidence, such an argument was waived when she failed to request such a continuance and did not state the reasons why she could not present by affidavit the essential facts in support of her position. Hawai'i Rules of Civil Procedure Rule 56(f).

Based on all the foregoing, the January 14, 2015 "Order Granting Defendant Hawaii Medical Service Association's Motion for Summary Judgment Filed November 17, 2014[;]" the January 16, 2015 Final Judgment; and the April 10, 2015 Order Denying Plaintiff's Motion for Clarification and Reconsideration entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, June 8, 2018.

Rafael G. Del Castillo,
(Jouxson-Meyers & Del
Castillo; James C. McWhinnie
and Tred R. Everly, with him
on the briefs; Damon Key Leong
Kupchak Hastert)
for Plainiffs-Apellants.

Chief Judge

Dianne Winter Brookins,
(John-Anderson L. Meyer, and
Morgan Lisa Early with her on
the briefs; Alston Hunt Floyd
& Ing)
for Defendant-Appellee.

Associate Judge

Associate Judge

7